IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,092-01






EX PARTE LAWRENCE LEE WILSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE W02-31826-W(A) IN THE 363RD DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of Aggravated
Sexual Assault of a Child and sentenced to 45 years' imprisonment. The Fifth Court of Appeals
dismissed applicant's direct appeal. Wilson v. State, No. 05-05-00905-CR, (Tex. App.- Dallas
March 15, 2006, no pet.) (not designated for publication.) 

 Applicant contends that his conviction was solely based on the victim's allegations, that the
victim has made a credible recantation of her allegations against him, and that he is actually innocent
of this offense. 


 The trial court made findings of fact and conclusions of law recommending that the
application be denied. However, the trial court did not enter findings of fact and conclusions
of law regarding the credibility of the victim's recantation in order to sufficiently address
whether Applicant is actually innocent of the offense. In this case, we find that a live hearing
is necessary so that the trial court can observe the witnesses' demeanor in making its factual
determinations. Thus, this cause is remanded to the trial court for a live hearing so that the
parties can present evidence regarding the actual innocence claim. 

 The trial court shall make findings of fact as to whether the victim's recantation is
credible and, if so, if Applicant is actually innocent of this offense. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories and the transcription of
the court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: November 22, 2006


Do not publish